UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No.: 11-cr-03507-BTM |
| ) | Civil Case No.: 14-cv-01194-BTM |
| Plaintiff, ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| v. ) | **MOTION TO VACATE / CORRECT** |
| ) | **AN ILLEGAL SENTENCE AND** |
| SALVADOR ALCANTAR-BACA ) | **DENYING CERTIFICATE OF** |
| ) | **APPEALABILITY** |
| Defendant. ) | |

On May 12, 2014, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

On April 6, 2012, Defendant was sentenced to a fourteen month prison term after pleading guilty to fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 1546(a). (Doc. 31). Upon release from imprisonment, Defendant was subject to supervised release for three years, subject to the conditions, among others, that he would not commit another federal, state, or local crime and that he would not renter the United States illegally. (Doc. 31).

On January 2, 2013, a probation officer sought an arrest warrant for Defendant,

1

alleging that "[o]n or about October 4, 2012, Mr. Alcantar-Baca . . . a previously deported/removed alien, was found in the United States, in violation of 8 U.S.C. § 1326." (Doc. 33). A warrant was issued, Defendant was arrested, and Defendant's supervised release was subsequently revoked on May 31, 2013. (Docs. 34, 37, 42). Defendant admitted he had violated the conditions of his supervised release and the Court sentenced Defendant to a nine month prison term consecutive to the new twenty-seven month term was serving for violation of 8 U.S.C. § 1326 (12-cr-04496-WQH, doc. 28). (Doc. 43).

On May 12, 2014, Defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 44). On June 30, 2014, he filed a supplemental memorandum in support of his motion. (Doc. 45).

## DISCUSSION

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Defendant explains in his motion and supplemental filing that he would like to apply for United States citizenship and that, if granted, his sentence for illegal re-entry would be "null and void." Defendant cites Varteias v. Holder, 80 W.S.L.W. 1338 (U.S. 2012) for the proposition that non-citizens charged with illegal re-entry following a conviction may collaterally attack their deportation.

The Court is unable to locate the case cited by Defendant. There is, however, a Vartelas v. Holder, 132 S.Ct. 1479 (2012), which held that the Illegal Immigration Reform and Immigrant Responsibility Act, which required lawful permanent

residents who departed from the United States, even briefly, to seek admission upon return, did not apply retroactively to aliens who committed felony offenses prior to the Act's effective date. Id. at 1486, 1491-92. Vartelas appears to have no application to Defendant's case.

However, in this case, Defendant is actually attacking his underlying conviction for violation of 8 U.S.C. § 1326 (12-cr-04496-WQH). This conviction is the factual predicate for the Court's revocation of his supervised release. But there are three bars to this attack. First, the conviction was before the Honorable William Hayes, and thus a challenge would have to be filed before Judge Hayes. Second, Defendant waived his right to collaterally attack his conviction and sentence as part of his plea agreement. (12-cr-04496-WQH, doc. 18 section XI). See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Third, Defendant's challenge is meritless. Defendant's assertion that, if he were granted citizenship, his prior conviction would be "null and void" is entirely without basis. Defendant may, of course, apply for citizenship going forward. But even if Plaintiff were granted citizenship, it would not apply retroactively or otherwise erase his prior unlawful act. There being no basis for Defendant's claim, Defendant's motion is denied.

## CONCLUSION

Defendant's motion to vacate, set aside, or correct his sentence, and a certificate of appealability, are DENIED. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 28, 2014

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court